IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**KENNETH D. PARKER,**

    **Plaintiff,**

                                  **Civil Action 2:19-cv-899**
                                  **Judge Michael H. Watson**
    v.                          **Chief Magistrate Judge Elizabeth P. Deavers**


**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**


**REPORT AND RECOMMENDATION**

    Plaintiff, Kenneth D. Parker ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 17), Plaintiff's Reply (ECF No. 18), and the administrative record (ECF No. 7). For the following reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

    Plaintiff applied for a period of disability and disability insurance benefits on February 26, 2016, alleging disability beginning January 31, 2012. (R. at 255.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 130–149.) Upon request, a hearing was held on

1

May 9, 2018, in which Plaintiff, represented by counsel, appeared and testified. (R. at 95–129.) A vocational expert ("VE"), Eric W. Pruitt, also appeared and testified at the hearing. (*Id*.) On July 25, 2018, Administrative Law Judge Heidi Southern ("the ALJ") issued a decision finding that Plaintiff was not disabled. (R. at 17–28.) On January 9, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

### III.  RELEVANT RECORD EVIDENCE

#### A.  Leslie Moon, Physical Therapist

Plaintiff first saw Ms. Moon for neck and shoulder pain in March 2013 and, at that time, Ms. Moon noted that Plaintiff was experiencing decreased range of motion in his neck and left shoulder. (R. at 406.) In November 2014, Plaintiff again complained of shoulder pain to Ms. Moon, who ordered x-rays of his shoulder and spine but noted that he had full range of motion in his left shoulder. (R. at 424–425.) The results of the x-rays showed moderate degenerative disc disease in Plaintiff's spine and mild joint osteoarthritis in his shoulder. (R. at 429–30.) In March 2016, Ms. Moon referred Plaintiff to surgery after she found that he had decreased range of motion in his left shoulder and osteoarthritis in his neck. (R. at 542–43.) His physical therapist, Christopher Welch, noted that his rehabilitation potential was fair to good. (R. at 676.)

In June 2016, Plaintiff reported to Ms. Moon that he was experiencing pain in his shoulders and neck, and Ms. Moon found that he had a decreased range of motion in his neck. (R. at 382.) In September 2017, Plaintiff reported back pain to Ms. Moon, who ordered an x-ray. (R. at 479–80.) The x-ray showed mild degenerative disc disease, a chronic compression fracture, and scoliosis in the lumbar spine, but no spondylolisthesis and an intact sacroiliac joints. (R. at 610.)

Plaintiff saw Ms. Moon again in November 2017, complaining of foot pain. (R. at 472.) At this time, Ms. Moon noted that he had plantar fasciitis and ordered a functional capacity assessment. (*Id.*) The next month, Plaintiff saw a podiatrist, Dr. Annaliese Lembach, who diagnosed him with plantar fasciitis and recommended physical therapy. (R. at 466.)

In January, 2018, Ms. Moon completed a medical source statement in which she opined that Plaintiff was likely to have two or more unscheduled absences from work per month due to his back, shoulder, and foot pain. (R. at 464.) Ms. Moon left the majority of the form blank, including the portions that ask about Plaintiff's ability to lift or carry; use his arms, legs, or hands; stand; bend; crouch; crawl; reach above his shoulders. (R. at 461–63.)

## B. Theresa Wright, Physical Therapist

In January 2018, Theresa Wright conducted a two-day functional capacity evaluation on Plaintiff. (R. at 637–660.) Among other findings, Ms. Wright found that Plaintiff do frequent simple grasping and occasional firm grasping, occasional walking, occasional reaching over the head, frequent squatting, occasional kneeling, and occasional stairs. (R. at 648–50.) Ms. Wright noted that Plaintiff did not need an assistive device to walk and that he could tolerate continuous forward reaching, occasional above shoulder reaching, continuous bending, and frequent squatting. (R. at 647–50.) Plaintiff reported that he could sit for up to four hours a day and stand for up to five hours a day. (R. at 657–58.) Ms. Wright noted that, during the course of the evaluation, Plaintiff demonstrated sitting for 35 minutes and standing for 100 minutes. (R. at 658.) Ms. Wright found that Plaintiff could perform at a medium "physical demand level." (R. at 660.)

## C. State Agency Physicians

Plaintiff's medical records were reviewed by two state agency physicians, Dr. Theresa March and Dr. Linda Hall, in April 2016 and March 2017, respectively. (R. at 130–48.)

Relevant to the issues presented in Plaintiff's Statement of Errors, both doctors agreed that Plaintiff should be limited to "light" work. (R. at 138, 148.)

## IV. ADMINISTRATIVE DECISION

On July 25, 2018, the ALJ issued her decision. (R. at 12–36.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 31, 2012, his alleged onset date, through June 30, 2018, his date last insured. (R. at 19.) At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, left shoulder osteoarthritis, and bilateral plantar fasciitis. (R. at 20.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> [C]laimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: the claimant can perform frequent overhead reaching with the right upper extremity and occasional with the left upper extremity; frequent bilateral handling and fingering; occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; frequent balancing, stooping, and crouching; occasional kneeling and crawling. Additionally, the claimant would need to avoid concentrated exposure to loud noise, no exposure to unprotected heights, and only occasional exposure to moving mechanical parts.

(R. at 21.)

Relying on testimony from the VE, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, he can perform his past relevant work as a project manager and maintenance supervisor. (R. at 26.) She therefore concluded that Plaintiff was not disabled under the Social Security Act at any time from January 31, 2012, the alleged onset date, through June 30, 2018, the date last insured. (R. at 27.)

## V. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI. ANALYSIS

In his sole assignment of error, Plaintiff asserts that the ALJ improperly evaluated the medical source opinion conducted by Ms. Moon, one of Plaintiff's physical therapists, in January 2018. (ECF No. 12 at 6–12.) As a physical therapist, Ms. Moon is not an "acceptable medical source" pursuant to Social Security Ruling 06-03P; instead she is an "other source."[2] *See* SSR 06-03P (S.S.A.), 2006 WL 2329939; *Fithen v. Comm'r of Soc. Sec.*, No. 1:15-CV-213, 2016 WL 1381822, at *10 (S.D. Ohio Apr. 6, 2016), *report and recommendation adopted,* No. 1:15CV213, 2016 WL 2731683 (S.D. Ohio May 10, 2016) (internal citation omitted).

"Other sources" cannot establish the existence of a medically determinable impairment but "may provide insight into the severity of the impairment and how it affects the individual's

---

[2] This SSR has been rescinded, but the rescission date is effective for claims filed on or after March 27, 2017. *See* SSR 06-03p, rescinded by Federal Register Notice Vol. 82, No. 57, page 15263, effective 3/27/2017. Since Plaintiff filed his claim on February 26, 2016, the regulation applies.

ability to function. SSR 06-03P, 2006 WL 2329939, at *2. While the ruling notes that information from "other sources" cannot establish the existence of a medically determinable impairment, the information "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *3. The ruling continues as follows:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners . . . have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical sources who are not technically deemed "acceptable medical sources," under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file.

*Id.* at *4. Thus, an ALJ must consider opinions from "other sources" and generally explain the weight they are afforded, even though "other-source opinions are not entitled to any special deference." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x. 547, 550 (6th Cir. 2014) (citation omitted).

Nevertheless, an ALJ is not required to articulate a "good reason" for rejecting an opinion from an "other source" as an ALJ must do when discounting an opinion from a treating source. *York v. Comm'r of Soc. Sec.,* No. 2:13-cv-0466, 2014 WL 1213240, at *5 (S.D. Ohio Mar. 24, 2014) (citations omitted). To evaluate other source opinions, an ALJ may apply the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Arnett v. Comm'r of Soc. Sec.*, 142 F.Supp. 3d 586, 591 (S.D. Ohio, 2015); *Adams v. Colvin,* No. 3:13–cv–255, 2014 WL 5782993, at *8 (S.D.Ohio Nov. 6, 2014).

Here, the ALJ assigned Ms. Moon's opinion "little weight." Plaintiff asserts that the ALJ's reasoning for assigning Ms. Moon's opinion "little weight" was flawed because the ALJ

7

did not elaborate on her analysis of this opinion and, according to Plaintiff, Ms. Moon's opinion is consistent with the other record evidence. (ECF No. 12 at 8–12.) The ALJ concluded the following as to Ms. Moon's opinion:

> In a statement dated January 17, 2018, treating source Leslie Moon, P.A., noted the claimant's diagnoses of bilateral plantar fasciit[i]s, shoulder pain and low back pain, and indicated that the claimant is likely to have partial or full day unscheduled absences from work occurring 2 or more days per month due to the diagnosed conditions, pain, and/or side effects of medication (Exhibit 5F). The undersigned has assigned this opinion little weight. Ms. Mood provided little explanation of the evidence relied on in forming the opinion, is conclusory, and is otherwise not supported by the medical evidence of record.

(R. at 25.)

This is not a case where the ALJ completely failed to consider the physical therapists' opinion. In contrast, the ALJ considered and ultimately rejected Ms. Moon's opinion based on the fact that it was inconsistent with other record evidence and was, itself, conclusory. (*Id.*) This satisfies the requirements of SSR 06-03P as to treatment of "other sources." The ALJ found that Ms. Moon's opinion was not supported by the medical evidence in the record. (R. at 25). This is a proper consideration under the regulations. *See* SSR 06-03P, 2006 WL 2329939, at *4–5 (whether other source's opinion is consistent with other evidence is relevant to evaluation of source's opinion). Further, the ALJ found that Ms. Moon did not adequately explain the basis of her opinion that Plaintiff would likely have two unexpected absences from work per month due to his diagnoses. (R. at 25.) This, too, is a proper consideration under the regulations. *See* SSR 06-03P, 2006 WL 2329939, at *4–5* (noting that how well the source explains an opinion is relevant to evaluation of that source's opinion). The ALJ's analysis was therefore sufficient to support his assignment of "little weight" to Ms. Moon's opinion. *See Hill*, 560 F. App'x. at 550 (an ALJ must consider opinions from "other sources" and generally explain the weight they are afforded, even though they "are not entitled to any special deference"); SSR 06-03P, 2006 WL

8

2329939 at *6 (all that is required is that the ALJ "explain the weight" assigned to "other sources," or "otherwise ensure that the discussion of the evidence ... allows ... a reviewer to follow the adjudicator's reasoning").

In support of his RFC determination and non-disability finding, the ALJ pointed to evidence in the record that is inconsistent with Ms. Moon's blanket opinion that Plaintiff would have multiple unexcused absences at work each month. These conclusions are clearly supported by substantial evidence. For example, Plaintiff had normal physical examinations on several occasions, presented with a normal gait and did not display behaviors consistent with his reported back pain. (R. at 418, 465, 483–84.) As for Plaintiff's reported shoulder pain, substantial evidence supports the ALJ's RFC determination that Plaintiff could only occasionally reach overhead with his left shoulder. X-ray testing of Plaintiff's shoulders showed that he had mild arthritis in his left shoulder. (R. at 388, 430.) In May 2015, Plaintiff reported that he has pain in his left shoulder occasionally but that it is relieved with exercise and Aleve on rare occasions. (R. at 416.) At that same visit, and again in August 2017, it was noted that he had normal strength in all four extremities. (R. at 418, 483.) In April 2016, an examination revealed no significant restrictions with a passive range of motion and normal bilateral extremity strength. (R. at 401-402.) In the functional capacity evaluation conducted on January 4, 2018, Ms. Wright concluded that Plaintiff can tolerate above-shoulder reaching occasionally. (R. at 649.) Finally, as for Plaintiff's plantar fasciitis, he complained periodically of pain but also noted that the pain had improved and that he was even able to participate in activities like Boy Scout camping and hiking. (R. at 465, 611, 727–28.)

Substantial evidence supports the ALJ's conclusion that the record contains evidence inconsistent with Ms. Moon's opinion on work absences. The Sixth Circuit has held that "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding even

9

if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted).

The ALJ followed the proper analysis and adhered to the regulations in her analysis of "other source" opinions. Accordingly, it is **RECOMMENDED** that Plaintiff's contention of error be **OVERRULED.**

## VII. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Error and **AFFIRM** the Commissioner's decision.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: February 10, 2020**                              /s/ *Elizabeth A. Preston Deavers*
                                                             **ELIZABETH A. PRESTON DEAVERS**
                                                             **CHIEF UNITED STATES MAGISTRATE JUDGE**