# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Kenneth D. Parker,

      Plaintiff,                          Case No. 2:19-cv-899

      v.                                Judge Michael H. Watson

Commissioner of Social Security,         Magistrate Judge Deavers

      Defendant.

## OPINION AND ORDER

Kenneth D. Parker ("Plaintiff") objects to the Report and Recommendation ("R&R") that Chief Magistrate Judge Deavers issued in this case, ECF No. 19, which recommended that the Court overrule Plaintiff's statement of specific errors and affirm the decision of the Commissioner of Social Security. Obj., ECF No. 20.

### I.    PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on February 25, 2016, alleging a disability onset date of January 31, 2012. The claim was denied initially and upon reconsideration. An administrative law judge ("ALJ") thereafter held a hearing and issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner of Social Security.

Plaintiff sued in this court on March 11, 2019, challenging the Commissioner's decision. Upon consideration of Plaintiff's statement of specific errors, the Commissioner's response, and Plaintiff's reply, Chief Magistrate Judge Deavers issued an R&R recommending the Court affirm the Commissioner's decision. Plaintiff objects to that R&R.

## II.    STANDARD OF REVIEW

Chief Magistrate Judge Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III.    ANALYSIS

Plaintiff objects to Chief Magistrate Judge Deavers's conclusion that the ALJ properly evaluated the opinion of Ms. Moon, Plaintiff's treating physician assistant. Ms. Moon opined that Plaintiff would likely miss two or more days of work per week due to his diagnosed conditions. Ex. 5F, PAGEID # 497. Plaintiff insists the ALJ failed to properly evaluate Ms. Moon's opinion, in violation of SSR 06-3P. For the following reasons, the Court **OVERRULES** Plaintiff's objection.

The term "medical sources" includes both "acceptable medical sources" and "other health care providers who are not 'acceptable medical sources.'"[1] SSR 06-3p. Evidence from "acceptable medical sources" can be used to establish the existence of a medically determinable impairment, serve as medical opinions, and be considered treating sources. *Id.* Physician assistants, however, do not qualify as acceptable medical sources. *See id.* Rather, physician assistants are other medical sources. *Id.*

Evidence from other medical sources may be used to "show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* Other medical sources and non-medical sources are classified together as "other sources."

An ALJ is required to consider such "other source" evidence when evaluating an acceptable medical source's opinion and as part of the ALJ's general duty, set forth in 20 C.F.R. § 416.927(b), to consider all the available evidence in an individual's case record. *Id.*

The ALJ should consider the §§ 404.1527(d) and 416.927(d) factors not only when evaluating evidence from "acceptable medical sources," but also when evaluating opinion evidence from "other sources." *Id.* The factors are:

- How long the source has known and how frequently the source has seen the individual;
- How consistent the opinion is with other evidence;
- The degree to which the source presents relevant evidence to support an opinion;

---

[1] The Court will refer to the latter as "other medical sources."

- How well the source explains the opinion;
- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
- Any other facts that tend to support or refute the opinion.

*Id.* Not every factor will apply in each case, and the evaluation of an "other medical source's opinion" will depend on the facts of each case. *Id.*

Finally, "the case record should reflect the consideration of opinions" from other medical sources. *Id.* And,

> [a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, *the adjudicator generally should explain the weight given to opinions from the 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.*

*Id.* (emphasis added).

In this case, Ms. Moon opined that Plaintiff would likely have partial or full day unscheduled absences from work two or more times per month. Ex. 5F, PAGEID # 497. The ALJ explained that she gave that opinion "little weight" because Ms. Moon "provided little explanation of the evidence relied on in forming the opinion," the opinion was "conclusory," and the opinion was "otherwise not supported by the medical evidence of record." ALJ Dec. 9, PAGEID # 58. Plaintiff argues that the ALJ's assessment of Ms. Moon's opinion was not supported by substantial evidence and violated SSR 06-3P.

Upon *de novo* review, the Court agrees with the Magistrate Judge that the ALJ's evaluation of Ms. Moon's opinion satisfied the rule and was supported by

substantial evidence. As noted above, how well a source explains her opinion and the degree to which a source presents relevant evidence to support her opinion are two factors SSR 06-3P suggests for evaluating other medical source opinions. The ALJ considered those factors in this case and found they supported according little weight to Ms. Moon's opinion. Indeed, with respect to those two factors, the ALJ noted that Ms. Moon's opinion was conclusory and that Ms. Moon "provided little explanation of the evidence relied on in forming the opinion." ALJ Dec. 9, PAGEID # 58. The ALJ's conclusions on those two factors are supported by Ms. Moon's Medical Source Statement itself. Ms. Moon left most of that document entirely blank, checking only a box opining Plaintiff would miss two or more work days per month, checking a box stating that she reviewed Plaintiff's records in completing the Medical Source Statement, and writing that her opinion was based on her diagnoses of bilateral plantar fasciitis, shoulder pain, and low back pain. Ex. 5F, PAGEID ## 494–97. Ms. Moon's opinion was, in fact, conclusory, and it failed to explain the evidence upon which it was based aside from listing Plaintiff's general diagnoses without explaining why those diagnoses would cause absences from work.

The ALJ further considered whether Ms. Moon's opinion was supported by the record evidence—another one of the factors endorsed by SSR 06-3P—concluding that the record evidence did not support Ms. Moon's opinion. ALJ Dec. 9, PAGEID # 58. On this point, Plaintiff contends on objection that record evidence supported Ms. Moon's opinion. Specifically, Plaintiff contends that Ms.

Moon completed a functional capacity evaluation ("FCE") that supports her subsequent opinion regarding work absences and that the ALJ never acknowledged that Ms. Moon completed the FCE. The Court finds this objection meritless.

First, contrary to Plaintiff's characterization, Ms. Moon did not conduct the FCE. The FCE was conducted by Theresa L. Wright, PT DPT. Ex. 4F at PAGEID ## 487, 493. Ms. Moon was the "referring provider," and a copy of the FCE was sent to Ms. Moon. *Id.* at PAGEID ## 470, 487, 493. It was thus not error for the ALJ to fail to mention that Ms. Moon conducted the FCE.

Second, the FCE does not provide support for Ms. Moon's opinion that Plaintiff would miss two or more days of work per month. Nowhere does the FCE opine that Plaintiff would likely miss two or more days of work per month. In fact, the ALJ discussed the FCE and accorded it great weight, except with respect to Plaintiff's ability to sit and stand,[2] because the limitations noted in the FCE conformed to the limitations contained in the ALJ's own RFC determination. Because the FCE mostly mirrored the RFC, and nothing in the FCE suggested Plaintiff would likely miss two or more days of work per month, the FCE did not support Ms. Moon's opinion.

---

[2] With respect to the FCE's sitting and standing limitations, the FCE noted an ability to sit for thirty-five minutes and stand for 100 minutes. Ex. 4F, PAGEID # 486. The ALJ accorded those specific conclusions little weight because they were not supported by the record as a whole. ALJ Dec. 9, PAGEID # 58.

Finally, Plaintiff takes issue with Chief Magistrate Judge Deaver's R&R for citing record evidence that contradicted Ms. Moon's opinion regarding Plaintiff's likely unexcused absences from work. Plaintiff argues Chief Magistrate Judge Deavers engaged in a *post hoc* rationalization by citing such evidence. Obj. 4, ECF No. 20. But the ALJ herself stated that Ms. Moon's opinion was not supported by the record evidence. ALJ Dec. 9, PAGEID # 58. Thus, the R&R was not raising a new basis for supporting the ALJ's evaluation of Ms. Moon's opinion. By citing specific record evidence that contradicted Ms. Moon's opinion, the R&R was simply demonstrating that the ALJ's conclusion in this regard was supported by substantial evidence. It is not a *post hoc* rationalization for Chief Magistrate Judge Deavers to show that substantial evidence, which the ALJ cited in her RFC determination, supported the ALJ's conclusion that Ms. Moon's opinion was not supported by the medical evidence of record.

The ALJ properly evaluated Ms. Moon's opinion. Plaintiff's objection is **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision. The Clerk shall enter final judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**